UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00542-FDW

| | |
|---|---|
| KAREN D. SCOTT-GRANT, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br><br>Defendant. )<br> ) | ORDER |

THIS MATTER is before the Court on Plaintiff Karen D. Scott-Grant's Motion for
Summary Judgment (Doc. No. 11) filed on January 19, 2018, and Defendant Acting Commissioner
of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc.
No. 13) filed on March 20, 2018.

Having reviewed and considered the written arguments, administrative record, and
applicable authority, and for the reasons set forth below, the Court GRANTS in part and DENIES
in part Plaintiff's Motion for Summary Judgment; DENIES the Commissioner's Motion for
Summary Judgment; and REVERSES the Commissioner's decision and REMANDS this matter
pursuant to Sentence Four 42 U.S.C. § 405(g) [1] for proceedings consistent with this Order.

## I. BACKGROUND

In April 2013, Plaintiff filed an application for Title II and Title XVI disability benefits,
alleging disability beginning August 3, 2012.  (Tr. 213, 219, 63).  After her application was denied

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming,
modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for
a rehearing."  42 U.S.C. § 405(g).

initially and upon reconsideration (Tr. 135,146, 154), Plaintiff requested a hearing (Tr. 164). After the hearing on April 14, 2016, the ALJ issued an unfavorable decision. (Tr. 13). Plaintiff's request for review by the Appeals Council was subsequently denied. (Tr. 1).

The ALJ determined Plaintiff was not disabled from the alleged onset date through the date of the decision. (Tr. 16). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she had the following severe impairments: "diabetes mellitus type II, hypertension, unspecified arthropathy, mood disorder and anxiety disorder." (Tr. 18). The ALJ determined that none of these impairments nor any combination of the impairments met or medically equaled a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 19). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b):

> [E]xcept she is limited to frequent, but not constant, handling and fingering bilaterally; she must be permitted to alternate between sitting and standing at 30 minute[] intervals; she is limited to occasional climbing of ladders; frequent climbing of stairs, balancing, stooping, crouching, kneeling and crawling; no concentrated exposure to hazards such as moving machinery or unprotected heights; she is further limited to simple routine and repetitive tasks involving no more than occasional public contact.

(Tr. 20). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that such an individual can perform jobs in the national economy that exist in significant numbers. (Tr. 24). Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 25).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. §§ 405(g) and 1382(c)(3). Plaintiff claims that the ALJ's decision should be reversed because the ALJ failed to make a complete finding of Plaintiff's mental residual functional capacity and relied

on testimony from the VE that appears to conflict with the Dictionary of Occupational Titles ("DOT").

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment

to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§

404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Plaintiff argues that this case should be remanded for the ALJ's failure to give a complete function-by-function analysis of Plaintiff's nonexertional mental functions. (Doc. No. 12 at 5). Specifically, Plaintiff finds the ALJ's determination deficient for not making a finding as to Plaintiff's ability to stay on task. (Doc. No. 12 at 6). The Commissioner disagrees, arguing that the ALJ's narrative discussion supports the RFC findings. (Doc. No. 14 at 5).

An ALJ's RFC assessment "must . . . identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ."

Mascio, 790 F.3d at 636 (quoting SSR 96-8p); see also Lewis, 858 F.3d at 862. However, the lack of an explicit function-by-function analysis does not require remand per se. Mascio, 790 F.3d at 636. "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review[,]" id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)), but remand is not appropriate when a function is irrelevant or uncontested, id.

When the ALJ finds in step three moderate difficulties in concentration, persistence, or pace, "the RFC must reflect the claimant's work functions as to this limitation unless the ALJ explains why a limitation in concentration, persistence, or pace at step three does not translate into a limitation on the claimant's capacity to do work-related activities." Watts v. Berryhill, No. 3:16-cv-850-FDW, 2017 WL 6001639, at *4 (W.D.N.C. Dec. 4, 2017) (citing Mascio, 780 F.3d at 638; SSR 96-8p). The ability to concentrate, persist, or maintain pace refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(3). The Fourth Circuit has held that an ALJ does not account for a claimant's difficulties in concentration, persistence, or pace by restricting work functions to "simple, routine tasks or unskilled work" but does account for such difficulties by restricting the "ability to stay on task." Mascio, 780 F.3d at 638 (citations omitted); but see Sizemore v. Berryhill, 878 F.3d 72, 81 (4th Cir. 2017) (finding RFC limiting claimant to "simple one, two-step tasks in a low stress work environment with no public contact" sufficient to account for moderate difficulties in concentration, persistence, or pace when supported by two doctors' opinions). However, as explained previously by this Court, the Fourth Circuit did not conclude that the only way to account

for moderate difficulties in concentration, persistence, or pace is to include in the RFC the language "ability to stay on task." <u>Watts</u>, 2017 WL 6001639, at *4.

Although the Commissioner correctly highlights portions of the ALJ's narrative analysis that support the ALJ's determination, the Commissioner did not cite, nor can the Court find, any analysis that explains why a moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation on the Plaintiff's capacity to do work-related activities or that explains how the RFC addresses Plaintiff's moderate limitation in concentration, persistence, or pace. (Doc. No. 14). This omission is not irrelevant or uncontested in light of consultative examiner Dr. Warren J. Steinmuller's statement qualifying his opinion that Plaintiff "appeared to have adequate attention to perform simple tasks" with it is "[u]nclear if [Plaintiff] would be able to maintain this throughout her work day." (Tr. 1327).[2] This omission frustrates the Court's review for substantial evidence. Therefore, the Court remands the case and declines to address matters not addressed herein.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED in part and DENIED in part; the Commissioner's Motion for Summary Judgment (Doc. No. 13) is DENIED; and the ALJ's determination is REVERSED[3] and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

---

[2] The Court only reiterates what is in the record and does not address whether such statement is an opinion from a medical source.

[3] In reversing the Commissioner's decision, the Court expresses no opinion on the merits of Plaintiff's claim for disability. The Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. <u>See</u>, <u>e.g.</u>, <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).

IT IS SO ORDERED.

Signed: May 7, 2018

Frank D. Whitney
Chief United States District Judge